UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MOHAMED MANSARAY,

    Petitioner,

v.

ROBERT DEAN, *Warden*, and
THE STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-23-0203

## MEMORANDUM OPINION

Self-represented Petitioner Mohamed Mansaray, a state inmate currently incarcerated at the Jessup Correctional Institution in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2014 conviction in the Circuit Court for Montgomery County, Maryland on the charge of first-degree rape. The Petition is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On December 5, 2014, following a five-day jury trial, Mansaray was convicted of one count of first-degree rape in the Circuit Court for Montgomery County ("the Circuit Court") based on evidence that included DNA and a confession. On February 5, 2015, Mansaray was sentenced to a term of imprisonment of 50 years, with all but 25 years suspended.

On March 4, 2015, Mansaray filed a timely notice of appeal to the Court of Special Appeals of Maryland, now known as the Appellate Court of Maryland ("the Maryland Appellate Court"). On December 17, 2015, the Maryland Appellate Court affirmed Mansaray's conviction and sentence. The Court's mandate issued on January 20, 2016. Mansaray did not file a petition for a writ of certiorari in the Court of Appeals of Maryland, now known as the Supreme Court of Maryland ("the Maryland Supreme Court").

Meanwhile, on February 12, 2015, Mansaray, through counsel, filed with the Circuit Court a Motion for Reconsideration or Modification of the Sentence pursuant to Maryland Rule 4–345(e), which was held in abeyance by an Order entered on March 16, 2015, followed by two additional self-represented filings under the same provision on March 11 and 13, 2015.

On January 30, 2019, Mansaray, through counsel, filed a supplement to his pending Motion for Reconsideration or Modification of the Sentence pursuant to Maryland Rule 4–345(e). On March 13, 2019, the Circuit Court held a hearing on this motion and denied it that same day.

On January 24, 2023, Mansaray filed the instant Petition for a Writ of Habeas Corpus. In the Petition, Mansaray challenges his conviction and sentence on the grounds that: (1) the "[t]rial court abused its discretion when it denied the defense's motion for mistrial after stating that one would be granted"; (2) the "[t]rial court abused its discretion when it denied the defense's motion for a mistrial after allowing prejudicial testimony from [a] police officer"; (3) trial counsel rendered ineffective assistance of counsel by allegedly "refus[ing] to continue the appeal process"; and (4) the "[t]rial court abused its discretion by allowing hearsay statements." Pet. at 6, 8-11, ECF No. 1.

On April 27, 2023, Respondents filed a Limited Answer in which they argue that the Petition is time-barred and that Mansaray is not entitled to equitable tolling. Pursuant to *Hill v.*

*Braxton*, 277 F.3d 701 (4th Cir. 2002), the Court provided Mansaray with notice of his right to respond and an opportunity to present an argument on why the Petition should not be dismissed as time-barred. *Id.* at 707. In his Reply, Mansaray acknowledged that Respondents are "technically correct" that his Petition was filed outside the applicable limitations period, but he asserted that "the law under 28 U.S.C. § 2254 clearly states that the court can overlook this if the petitioner can assert and demonstrate that his/her constitutional rights were violated." Reply at 4-5, ECF No. 7.

## DISCUSSION

### I. Limitations Period

Respondents assert that the Petition should be dismissed as time-barred. A federal habeas petition is subject to a one-year limitation period, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2018). Significantly, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mansaray neither claims nor provides any basis to claim that the limitations period should begin to run from any of the dates identified in 28 U.S.C. § 2244(d)(1)(B), (C), or (D), so the

limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the Maryland Appellate Court issued its opinion on Mansaray's direct appeal on December 17, 2015, and the mandate issued on January 20, 2016. The judgment therefore became final on February 4, 2016, the deadline for filing a petition for a writ of certiorari to the Maryland Supreme Court, because Mansaray did not file such a petition. *See* Md. Rule 8–302(a) ("[A] petition for a writ of certiorari may be filed either before or after the [Maryland Appellate Court] has rendered a decision, but not later than the later of 15 days after [it] issues its mandate or 30 days after the filing of that court's opinion.").

The limitations period, however, was tolled during the pendency of Mansaray's Motion for Reconsideration or Modification of the Sentence pursuant to Maryland Rule 4–345(e). *See Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a motion to reduce the sentence pursuant to Maryland Rule 4–345 tolls the limitations period on a federal habeas petition pursuant to 28 U.S.C. 2244(d)(2)). Thus, the limitations period was tolled until March 13, 2019, the date on which the motion was denied.

Where the record reflects that Mansaray filed no further motions or petitions after that date, the one-year limitations period therefore expired no later than March 13, 2020. Because Mansaray did not file the present Petition until January 24, 2023, almost three years after the limitations period expired, it is untimely and subject to dismissal.

## II. Equitable Tolling

Although the Petition is plainly time-barred, the limitations period for a federal habeas petition is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies "in 'those rare instances where—due to circumstances external to the party's own

conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill*, 277 F.3d at 704 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). For equitable tolling to apply, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating that a habeas petitioner seeking equitable tolling must establish that "extraordinary circumstances" beyond the petitioner's control or external to his own conduct "prevented him from filing on time").

Under these standards, Mansaray has not demonstrated that he is entitled to equitable tolling. Mansaray's assertion that "the law under 28 U.S.C. § 2254 clearly states that the court can overlook" an untimely filing "if the petitioner can assert and demonstrate that his/her constitutional rights were violated" is not a correct statement of the applicable standard. Reply at 5, ECF No. 7. His argument that he should receive an evidentiary hearing on the Petition because he is facing "severe harm" and "this is basically [his] last option to reverse [his] conviction and get a new trial" similarly misunderstands the applicable standard. *Id.* at 6.

Considering the relevant factors, the Court finds that Mansaray has provided no evidence that he has been diligently pursuing his rights, particularly in light of the fact that he did not file his Petition for almost three years after the limitations period expired. As for extraordinary circumstances that prevented him from filing a timely motion, Mansaray references his attorney's failure to pursue his case through all available appeals and the fact that he personally lacks legal training and therefore did not know of available remedies and the applicable deadlines. However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (in declining to apply equitable

tolling to a motion filed under 28 U.S.C. § 2255, noting that a petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). *Cf. Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 661 (4th Cir. 2018) ("Ignorance of the law does not justify tolling, even when a party does not have legal representation."). Mansaray has therefore failed to show either diligent pursuit of his rights or extraordinary circumstances that prevented him from filing the Petition on time that could justify equitable tolling.

Finally, Respondents argue that Mansaray "also has not asserted a credible claim of actual innocence, and so he is not entitled to equitable relief from his untimeliness on that ground either." Answer at 19, ECF No. 6. The limitations period on a federal habeas petition may be excused upon a showing of actual innocence such that the failure to consider the petition would be a miscarriage of justice, which requires new evidence that shows that "it is more likely than not that no reasonable juror would have convicted" the petitioner. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Even construing his filings liberally, Mansaray has not asserted a claim of actual innocence, much less one that could meet the applicable standard. Accordingly, the Court need not address this issue.

Under these circumstances, Mansaray has failed to show that equitable tolling is warranted or that another exception applies to excuse the untimely filing of the Petition. The Court will therefore dismiss the Petition as time-barred.

### III. Certificate of Appealability

Mansaray has no absolute entitlement to appeal a district court's dismissal of the Petition. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To appeal this Court's dismissal of the Petition, Mansaray must obtain a certificate of appealability. *See Miller-*

*El*, 537 U.S. at 327. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a petition is denied on procedural grounds, as here, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Upon review of the record, this Court finds that Mansaray has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Mansaray may still make a request to the United States Court of Appeals for the Fourth Circuit for issuance of such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: January 4, 2024

THEODORE D. CHUANG
United States District Judge